UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRACEY BURROUGHS TRAVERS,** Plaintiff, v. **UNITED STATES OF AMERICA** Defendant. | Civil Action No. 25-cv-2996 (TSC) |

**MEMORANDUM OPINION**

This matter is before the court on Defendant's Motion to Dismiss (ECF No. 9). The court GRANTS the motion.

## I. BACKGROUND

Plaintiff Tracey Burroughs Travers was an employee of the Smithsonian Institution. *See* Def. Mem. (ECF No. 9-1) at 1. Plaintiff had a meeting with Morgan C. Kane on October 28, 2024, and Ms. Kane allegedly "said she did not want to continue the meeting [because] Plaintiff smell[ed] like alcohol." Compl. (ECF No. 1-1) at 1. Plaintiff "was being fired and . . . believed they would do anything to not bring [her] back." *Id.* at 2. She has demanded $100,000 because Ms. Kane "lied on" her. *Id.* at 1.

On June 5, 2025, Plaintiff filed a civil action in the Superior Court of the District of Columbia. Defendant removed the action on September 3, 2025, and along with its Notice of Removal was a certification that Ms. Kane "was acting within the scope of her employment as an employee of the United States of America at the time of the alleged incidents." Westfall Cert. (ECF No. 1-2). By operation of law, the United States of America substitutes itself as the Defendant and this matter proceeds, if at all, under the Federal Tort Claims Act ("FTCA"). *See*

*Plevnik v. Sullivan*, No. 23-cv-0837 (CRC), 2023 WL 7279229, at *1 (D.D.C. Nov. 3, 2023) (absent rebuttal to "the Attorney General's certification that the federal defendants were acting within the scope of their employment at the time of their alleged conduct, the Court will uphold the certification, substitute the United States for the individual federal defendants, and construe [plaintiff's] claim against the government as having been brought under the [FTCA]"), *aff'd*, 146 F.4th 1174 (D.C. Cir. 2025); *Harbury v. Hayden*, 444 F. Supp. 2d 19, 28 (D.D.C. 2006) ("A Westfall certification has two immediate consequences for a case already in federal court: (1) it requires the substitution of the United States for the federal employee(s) as the defendant(s) in the lawsuit; and (2) it converts the lawsuit into an action against the United States under the FTCA."), *aff'd*, 522 F.3d 413 (D.C. Cir. 2008).

On August 10, 2026, Defendant filed its motion to dismiss. The court issued an Order (ECF No. 10) on August 12, 2026, advising Plaintiff of her obligation to follow applicable rules of civil procedure and warning her of the consequences of her failure to respond to the motion. The Order stated that Plaintiff's failure to oppose or otherwise respond to the motion by September 11, 2026, permits the court to treat the motion as conceded or otherwise rule on the motion without Plaintiff's input. To date, Plaintiff neither has responded to the motion nor requested additional time to do so.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

"Federal district courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Under Rule 12(b)(1), a party may move to dismiss a claim over which the court lacks subject-matter

jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion "presents a threshold challenge to the court's jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), and a plaintiff must demonstrate that the court has jurisdiction by a preponderance of the evidence, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'" *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). In addition, the court may consider materials outside of the pleadings. *See Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

**B. Rule 12(b)(6)**

Rule 12(b)(6) allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). It does not test a plaintiff's ultimate likelihood of success on the merits, but only forces the Court to determine whether a plaintiff has properly stated a claim. *See ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991).

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009); *see also Wood v. Moss*, 572 U.S. 744, 757–58 (2014). A facially plausible claim pleads facts that are not '"merely consistent with' a defendant's liability" but that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In applying these standards to pleadings filed by *pro se* litigants, the court must consider the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Johnson v. District of Columbia*, 927 F.3d 539, 541 (D.C. Cir. 2019) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (internal quotation marks omitted)). In addition, a *pro se* complaint must "be liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers." *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (citation and internal quotation marks omitted)). Still, a *pro se* plaintiff is not excused from complying with applicable procedural rules and "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. 678); *see also Jones v. Horne*, 634 F.3d 588, 595 (D.C. Cir. 2011).

## III. DISCUSSION

### A. Defamation Claim

The court understands Plaintiff's assertion that Ms. Kane "lied on" her, Compl. at 1, as a defamation claim. It is doomed to failure.

#### 1. The Complaint Fails to State a Defamation Claim

"In order to state a claim for defamation, a plaintiff must show (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the

statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *Williams v. District of Columbia*, 9 A.3d 484, 491 (D.C. 2010) (quoting *Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001)) (internal quotation marks omitted); *Oparaugo v. Watts*, 884 A.2d 63, 76 (D.C. 2005) (quoting *Crowley v. North Am. Telecomms. Ass'n*, 691 A.2d 1169, 1173 n.2 (D.C. 1997)). A statement is defamatory "if it tends to injure plaintiff in his trade, profession or community standing, or lower him in the estimation of the community." *Howard Univ. v. Best*, 484 A.2d 958, 988 (D.C. 1984) (quoting *McBride v. Merrell Dow and Pharmaceuticals, Inc.*, 540 F. Supp. 1252, 1254 (D.D.C. 1982)) (additional citation omitted).

For purposes of this discussion, the court presumes Ms. Kane's alleged statement that Plaintiff smelled of alcohol is false and defamatory. However, absent allegations that Ms. Kane published the statement to a third party, was negligent, and caused Plaintiff harm, the complaint fails to state a defamation claim.

**2. Defamation is Excluded from the FTCA's Waiver of Sovereign Immunity**

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see United States v. Mitchell*, 445 U.S. 535, 538 (1980). "A waiver of sovereign immunity 'cannot be implied, but must be unequivocally expressed.'" *Mitchell*, 445 U.S. at 538 (quoting *United States v. King*, 395 U. S. 1, 4 (1969)); *see Lane v. Peña*, 518 U.S. 187, 192 (1996); *United States v. Dalm*, 494 U.S. 596, 608 (1990). The Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-80, operates as a limited waiver of sovereign immunity which renders the United States amenable to suit for certain, but not all, tort claims. 28 U.S.C. §§ 1346(b), 2674; *see Richards v. United States*, 369 U.S. 1, 6 (1962).

Specifically excluded from the waiver are claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Plaintiff's defamation claim is barred, given the FTCA's express exclusion of claims arising out of libel and slander.[1] *See Gardner v. United States*, 213 F.3d 735, 738 n.1 (D.C. Cir. 2000) (noting that plaintiff's "defamation claim against the United States is barred, because suits for libel or slander are prohibited under the Federal Tort Claims Act"); *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371–72 (D.C. Cir. 1997) (finding that "both the United States and federal employees acting within the scope of their duties are immune from common law actions for libel and slander").

**3. Plaintiff Did Not Present her Claim to the Agency Prior to Filing Suit**

"The FTCA contains a claim presentment requirement that is a jurisdictional prerequisite to filing suit." *Smith v. United States*, 157 F. Supp. 3d 32, 37 (D.D.C. 2016) (citing 28 U.S.C. § 2675(a) and *GAF Corp. v. United States*, 818 F.2d 901, 917 (D.C. Cir. 1987)); *see Simpkins*, 108 F.3d at 371. In relevant part, the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the

[1] Libel and slander are, essentially, defamation. *See Zimmerman v. Al Jazeera Am., LLC*, 246 F. Supp. 3d 257, 271 n.9 (D.D.C. 2017) (referring to plaintiff's "libel" claim "by the generic term 'defamation'") (citing 1 Rodney A. Smolla, *Law of Defamation* § 1:10 (2016) ("Defamation is the generic term for the twin torts of libel and slander.")).

> claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section.

28 U.S.C. § 2675(a). Thus, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see GAF Corp.*, 818 F.2d at 904 ("Section [2675(a)] requires that a claim be 'presented' to the appropriate federal agency prior to commencement of a lawsuit.").

Defendant's declarant states that, based on her review of "the files of FTCA claims submitted to the Smithsonian Institution," Haydel Decl. (ECF No. 9-2) ¶ 3, there were "no files or records indicating that Tracey Burroughs Travers filed a tort claim with the Smithsonian Institution regarding the conduct of Morgan Kane or related to an October 28, 2024 incident," *id.* ¶ 4. Absent a showing of Plaintiff's compliance with the FTCA's presentment requirement, the claim must be dismissed for lack of jurisdiction. *See Henderson v. Ratner*, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. June 7, 2010) (per curiam) (affirming dismissal of FTCA claim where "[a]ppellant failed to demonstrate that he exhausted his administrative remedies before filing suit in the district court"); *Hammond v. Fed. Bureau of Prisons*, 740 F. Supp. 2d 105, 111 (D.D.C. 2010) (dismissing FTCA claim for lack of subject matter jurisdiction where plaintiff had not "established by a preponderance of the evidence that he administratively exhausted his FTCA claim with the BOP before commending this action").

**B. Wrongful Termination Claim**

Plaintiff was "being fired," Compl. at 2, and the court presumes she deems termination unlawful. Absent any other factual allegations, such as the stated reason for and circumstances surrounding her termination, the claim proceeds no further. Had Plaintiff, for example, alleged Defendant terminated her because of her race or sex, she might have had a claim under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-16(a) ("All personnel actions affecting

employees . . . in the Smithsonian Institution . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin."). Even if Plaintiff were to state a Title VII claim, there are no factual allegations that necessary steps were taken before filing this lawsuit.

Ordinarily a plaintiff must contact an Equal Employment Opportunity ("EEO") counselor within 45 days of the adverse action, *see* 29 C.F.R. § 1614.105(a)(1), file a formal discrimination claim if the matter is not resolved, *see* 29 C.F.R. § 1614.105(d), and only after having been "'aggrieved by the final disposition of [her administrative] complaint, or by the failure to take final action on [her] complaint,"' *Artis v. Bernanke*, 630 F.3d 1031, 1034 (D.C. Cir. 2011) (quoting 42 U.S.C. § 2000e–16(c)), file a civil action in federal district court, *see* 29 C.F.R. § 1614.407.

The Smithsonian Institution's Office of Equal Opportunity ("OEO") accepts and processes employment discrimination claims against the Smithsonian "based on race, color, sex (including pregnancy, sexual orientation, and gender identity), religion, national origin, age, disability, protected genetic information and/or reprisal for protected EEO activity." Carilli Decl. (ECF No. 9-3) ¶ 2. Defendant's declarant states that a search of OEO files yielded "no prior EEO Complaints filed by Tracey Burroughs Travers identifying Morgan Kane as the responsible management official or related to an October 28, 2024 incident." *Id.* ¶ 4.

## IV. CONCLUSION

The court concludes that the complaint fails to state a defamation claim, and even if such claim were adequately alleged, the FTCA bars it. Further, the court concludes that the complaint fails to allege a wrongful termination claim. Therefore, Defendant's motion to dismiss is GRANTED. An Order is issued separately.

Date: November 9, 2026 /s/

TANYA S. CHUTKAN
United States District Judge